**ADANTÉ D. POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**LATEEF H. GRAY, ESQ., SBN 250055**
**MARLON L. MONROE, ESQ., SBN 251897**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208
Oakland, California 94607
Tel: (510) 929-5400
www.LawyersFTP.com
APointer@LawyersFTP.com
PBuelna@LawyersFTP.com
LGray@LawyersFTP.com
MMonroe@LawyersFTP.com

Attorneys for Plaintiffs

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| C.A., a minor, by and through her Guardian Ad Litem, DAVID ADAMS; <br><br> Plaintiff, <br> v. <br><br> CALIFORNIA INTERSCHOLASTIC FEDERATION, a California non-profit corporation; and DOES 1-50, inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY DAMAGES** <br> (42 U.S.C. § 1983) <br><br><br> <u>JURY TRIAL DEMANDED</u> |

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

## INTRODUCTION

1.    This action challenges CIF's retroactive nullification of Plaintiff C.A.'s completed state championship result and her immediate exclusion from a second final event after the championship race had concluded and results had been determined under CIF's objective competition rules.

2.    Plaintiff won the 400-meter final. After the race was completed and all competitors exited the track, Plaintiff briefly discharged a handheld fire extinguisher as a tribute referencing Olympic champion Maurice Greene's well-known celebratory gesture.

3.    No competitor stopped. No medical attention was required. No official paused the meet. No delay occurred.

4.    Nonetheless, Defendant California Interscholastic Federation ("CIF") retroactively stripped Plaintiff of her completed championship title and barred her from competing in the 200-meter final later that day.

5.    The sanction was imposed pursuant to CIF's adopted enforcement framework, ratified through CIF's governance structure, and became official without meaningful neutral adjudication.

## JURISDICTION

6.    This action arises under Title 42 of the United States Code, § 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, §§ 1331 and 1343.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution.  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) and (4), which confer jurisdiction over civil actions to redress the deprivation, under color of state law, of rights secured by the Constitution and to secure equitable and other relief under federal civil rights statutes.

7.    Declaratory relief is authorized under 28 U.S.C. §§ 2201-2202.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant conducts business within this District and exercises regulatory authority over interscholastic athletic competitions held within this District.

9. CIF is not an arm of the State entitled to Eleventh Amendment immunity but exercises authority delegated by California statute to regulate interscholastic athletics and acts under color of state law when enforcing eligibility and disciplinary rules.

## PARTIES

10. Plaintiff C.A. (hereinafter "Plaintiff") is a minor residing in California and appears through her father and Guardian ad Litem, DAVID ADAMS.

11. Defendant CALIFORNIA INTERSCHOLASTIC FEDERATION (hereinafter "Defendant CIF") is and at all times herein mentioned was the governing body for high school sports in California. CIF is a California nonprofit corporation recognized by statute as the voluntary organization governing interscholastic athletics in California secondary schools. Its members include more than 1,600 public and private high schools, nearly all of the state's high schools. CIF was formed as a California nonprofit public benefit corporation, and is headquartered at 4658 Duckhorn Dr., Sacramento, California 95834

12. CIF exercises regulatory authority pursuant to California Education Code §§ 33353 and 35179.

13. Plaintiff is ignorant of the true name and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictious names. Defendants DOES 1 through 50 are employees of Defendant CIF. Plaintiff will amend this complaint to allege the true names and capacities of Defendants DOES 1 through 50 when ascertained. Plaintiff believes and alleges that each of the Defendant DOES 1-50 are legally responsible and liable for the incident,

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

injuries, and damages hereinafter set forth. Each Defendant DOES 1 through 50 proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and use of excessive force. Each Defendant DOES 1 through 50 is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will seek leave to amend this complaint to name Defendants DOES 1 through 50 when ascertained.

14.    In doing the acts and/or omissions alleged herein, Defendants DOES 1 through 50 acted within the course and scope of their employment for Defendant CIF.

15.    In doing the acts and/or omissions alleged herein, Defendants DOES 1 through 50 acted under color of authority and/or under color of law.

16.    Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

## CIF'S REGULATORY AUTHORITY AND POLICY FRAMEWORK

17.    California law authorizes public school districts to enter voluntary associations to enact and enforce rules relating to eligibility and participation in interscholastic athletic programs.

18.    CIF is such an association and exercises delegated regulatory authority over statewide high school athletic competition.

19.    CIF adopts and enforces the National Federation of State High School Associations' (NFHS) Track & Field rules as part of its governing framework.

20.    Under CIF's adopted framework, the Meet Referee has authority to rule on infractions and impose disqualification.

21.    When exercising that authority at a CIF State Championship, the Meet Referee acts pursuant to CIF's adopted rules and delegated enforcement authority.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

22.   CIF is statutorily required to establish a neutral final appeals body to hear complaints related to interscholastic athletic policies.

23.   Official meet results, including disqualifications, become part of CIF's recorded championship record through its governance structure.

## FACTUAL ALLEGATIONS

24.   On May 31, 2025, Plaintiff competed in and won the 400-meter final at the CIF State Track and Field Championships.

25.   Unlike cases involving prospective eligibility determinations or participation restrictions, Plaintiff had already completed the championship event and earned the first-place finish under CIF's objective competition rules before the challenged sanction was imposed.

26.   The order of finish was determined after the final competitor crossed the finish line and was displayed on the stadium's big screen for all the attendees to see.

27.   All of the competitors in the race exited the track.

28.   The competition phase of the 400-meter final was complete.

29.   CIF's rules establish objective criteria for determining event winners and officially recording championship results.

30.   Once the event was completed and the order of finish determined under CIF's objective competition rules, Plaintiff possessed a legitimate claim of entitlement to the officially recorded championship result and title.

31.   After the final runner crossed the finish line, Plaintiff walked to the stands and received a small handheld fire extinguisher from her father.

32.   Plaintiff then proceeded to the grass infield of the track after all competitors had exited the track, where she sprayed her shoes with the extinguisher away from her competitors.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

33.     The act was expressive conduct intertwined with athletic celebration and referenced Maurice Greene's well-known Olympic celebration.

34.     At the time of the brief discharge all competitors from the race had left the track, no athletes were in the immediate area of the spray, no medical attention was required, no official halted the meet, and no delay in the competition schedule occurred.

35.     The smoke dissipated without interruption of the meet.

36.     CIF made no written finding of actual interference or injury and did not declare a safety emergency.

37.     No formal factual findings were issued concluding that Plaintiff caused actual interference, injury, or disruption.

38.     Plaintiff was then retroactively disqualified from the completed 400-meter final.

39.     It was not until minutes before Plaintiff's next championship race, the 200-meter final, that Plaintiff was informed she was also barred from competing in it.

40.     The sanction was imposed pursuant to CIF's adopted framework.

41.     The disqualification was ratified through CIF's governance structure and recorded as official.

42.     The disqualification and exclusion were imposed pursuant to CIF's official policies, customs, and adopted enforcement framework and therefore constitute official action attributable to CIF.

43.     No neutral adjudication occurred before the sanction became final and official.

44.     CIF retroactively altered Plaintiff's officially recorded championship result after the event had concluded and the order of finish had been determined under CIF's objective competition rules.

45. CIF publicly designated Plaintiff's conduct as "unsportsmanlike" and replaced her recorded championship result with a disqualification.

46. The disqualification altered Plaintiff's official athletic status, championship record, and publicly recognized standing as the winner of the event.

47. The combination of reputational injury and formal alteration of Plaintiff's official championship status constitutes deprivation of liberty interests protected by the Fourteenth Amendment.

## DAMAGES

48. As a direct and proximate result of Defendants' unconstitutional actions, Plaintiff C.A. has suffered compensable injuries.

49. Plaintiff suffered the loss of her officially recorded 400-meter state championship title.

50. Plaintiff suffered the loss of the opportunity to compete in the 200-meter final for which she had already qualified.

51. Plaintiff suffered reputational harm resulting from the public stripping of her state championship, the replacement of her winning time with a disqualification acronym (DQ) and the labeling of her conduct as "unsportsmanlike."

52. The disqualification received widespread media coverage, amplifying the reputational impact and subjecting Plaintiff, a minor, to public scrutiny and criticism.

53. Plaintiff suffered emotional distress, embarrassment, humiliation, and anxiety as a result of the disqualification and national attention.

54. Plaintiff suffered damage to her athletic standing, competitive record, and recruiting visibility.

55. Plaintiff has suffered and continues to suffer non-economic damages including

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

emotional distress, reputational injury, and loss of opportunity.

56.    Defendants' actions not only harmed Plaintiff's reputation but also altered her official legal status as a state champion.

57.    The combination of reputational harm and formal alteration of official status constitutes a deprivation of liberty interests protected under the Fourteenth Amendment.

58.    Plaintiff is entitled to compensatory damages for the deprivation of these liberty interests.

59.    A state championship title is unique and cannot be fully compensated by monetary damages.

60.    Recruiting cycles and competitive opportunities are time-sensitive.

61.    Monetary damages cannot fully restore the unique prestige, recruiting value, and official record status associated with a completed state championship.

62.    Plaintiff alleges that Defendants DOES 1–10, in their individual capacities, acted with reckless or callous indifference to Plaintiff's federally protected rights.

63.    Plaintiff is entitled to punitive damages against individual defendants pursuant to 42 U.S.C. § 1983.

64.    Plaintiff does not seek punitive damages against CIF as a municipal or quasi-governmental entity.

65.    The conduct of Defendants DOES 1-50 was malicious, wanton, oppressive, and in reckless disregard of the rights and safety of Plaintiff and the public.  Plaintiff is therefore entitled to an award of punitive damages against Defendants DOES 1-50.

66.    Plaintiff is entitled to recover reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(42 U.S.C. § 1983 — Procedural Due Process)**
*(Plaintiff against Defendants CIF & DOES 1-50)*

67.    Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

68.    CIF acts under color of state law when enforcing eligibility and disciplinary rules governing interscholastic athletics.

69.    Plaintiff possessed protected interests arising from the completed championship result, the officially recorded state title, the integrity of her official athletic record, and the state-created procedures governing championship adjudication and disciplinary review.

70.    CIF's rule framework establishes objective standards for determining event outcomes and officially recording championship results, giving rise to a legitimate claim of entitlement once the competitive event is completed and results determined.

71.    CIF is required by statute to maintain a neutral final appeals body.

72.    Plaintiff was deprived of her completed championship result, officially recorded title, and protected adjudicative interests without meaningful notice or neutral adjudication prior to finalization.

73.    The deprivation was immediate and irreversible before neutral review occurred.

74.    CIF's rules did not provide meaningful neutral review before the retroactive nullification of Plaintiff's completed championship result became final.

75.    The risk of erroneous deprivation under this structure is substantial.

76.    Under the circumstances alleged, no immediate safety emergency, competition disruption, or medical necessity required retroactive nullification of Plaintiff's completed championship result before neutral review occurred.

77. The procedures employed were constitutionally inadequate.

78. This action challenges the retroactive alteration of a completed championship adjudication rather than an initial eligibility determination or discretionary participation decision.

79. Defendants violated C.A.'s procedural due process rights.

80. As a result of their conduct, Defendants are liable for Plaintiff's injuries and/or damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. § 1983 — Substantive Due Process)**
*(Plaintiff against Defendants CIF & DOES 1-50)*

81. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

82. CIF's enforcement framework allows discretionary penalties where not fixed by rule.

83. NFHS interpretive guidance adopted within CIF's framework provides that unsporting conduct penalties do not remove places earned in events completed prior to the conduct.

84. The 400-meter final was completed prior to the tribute.

85. Nothing in CIF's adopted rules mandated retroactive nullification of Plaintiff's completed championship result under the circumstances alleged.

86. Retroactively stripping the completed championship exceeded the governing interpretive framework.

87. CIF nevertheless imposed the sanction of retroactive disqualification and exclusion from a separate championship event.

88. No lesser sanction was imposed or considered on the record.

89. No factual findings established interference, injury, or disruption.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

90.    The sanction was arbitrary, disproportionate, and not rationally related to legitimate safety or competitive integrity objectives.

91.    As a direct and proximate result of Defendants' actions, Plaintiff sustained injuries and damages, and against each and every Defendant, is entitled to relief as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### (42 U.S.C. § 1983 — First Amendment
*(Plaintiff against Defendants CIF & DOES 1-50)*

92.    Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

93.    Plaintiff's tribute constituted expressive conduct referencing a widely recognized Olympic celebration.

94.    The expressive conduct occurred after completion of the competitive event, was not directed at any of the race competitors, and did not interfere with competition.

95.    NFHS interpretive guidance reflects that finish-line celebratory gestures are not ordinarily treated as unsporting conduct warranting retroactive removal of completed event results.

96.    Retroactively stripping a completed championship and excluding Plaintiff from a separate event constituted punishment of expressive conduct.

97.    The retroactive nullification of a completed championship and exclusion from a separate final event imposed a substantially greater burden on expressive conduct than reasonably necessary to further any asserted interest in meet safety or order.

98.    Defendants violated Plaintiff's First Amendment rights.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### JURY DEMAND

99.    Plaintiff hereby demands a jury trial in this action

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

## PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1.    For general damages in a sum to be proven at trial;

2.    For special damages, including but not limited to, past, present, and/or future income and support, medical expenses, and other special damages in a sum to be determined according to proof;

3.    For punitive damages against Defendants DOES 1-50 in a sum according to proof;

4.    For reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and § 794 (a); and as otherwise may be allowed by California and/or federal law;

5.    Any and all permissible statutory damages;

6.    For declaratory judgment that Defendants violated Plaintiff's constitutional rights;

7.    For preliminary and permanent injunctive relief restoring Plaintiff's 400-meter championship title and correcting official records;

8.    For injunctive relief prohibiting enforcement of the challenged sanction against Plaintiff;

9.    For correction of official CIF records consistent with the relief awarded by this Court;

10.    For the cost of suit herein incurred; and

11.    For such other and further relief as the Court deems just and proper.

Dated:  June 1, 2026

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE

/s/ *ADANTE D. POINTER*
ADANTE D. POINTER
Attorneys for PLAINTIFF

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607